UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANNY AMEN ANDERSON VALENTINE SHABAZZ,

                 Plaintiff,

-against-

CHRIS BRUCE; CERRON CADE; NICK SABEAN; JEFF FLYNN; JOHN CARNEY,

                 Defendants.

1:23-CV-7849 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Danny Amen Anderson Valentine Shabazz, of Atlanta, Georgia, filed this *pro se* action asserting what he purports are claims of copyright infringement. He sues: (1) Chris Bruce, of Wilmington, Delaware; (2) Cerron Cade, of Wilmington, Delaware; (3) Nick Sabean, of Wilmington, Delaware; (4) Jeff Flynn, of Wilmington, Delaware; and (5) John Carney, the Governor of the State of Delaware.[1] After Plaintiff filed his initial pleading, he filed numerous other submissions and what appear to be two motions, which the Court understands to be supplements to his initial pleading. (ECF 4-28.)

      On September 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of Delaware.

---

[1] Plaintiff refers to himself as "Petitioner" and to the defendants as "Respondents." Because Plaintiff appears to assert claims of copyright infringement, the Court refers to the parties as "Plaintiff" and "Defendants."

## DISCUSSION

Under the appropriate venue provision, a federal civil action for copyright infringement may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Plaintiff names as defendants individuals who appear to all reside or may be found in the State of Delaware; he does not allege any facts showing that any of them or their agents reside or may be found anywhere within the State of New York, let alone, within this judicial district. Thus, while this court does not appear to be a proper venue for this copyright-infringement action, the United States District Court for the District of Delaware is clearly a proper venue for this action. *See* 28 U.S.C. §§ 87, 1400(a).

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because venue is proper in the United States District Court for the District of Delaware, and because Plaintiff alleges no facts showing that any other federal district court is a proper venue for this action, in the interest of justice, the Court transfers this action to the United States District Court for the District of Delaware. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Delaware. 28 U.S.C. § 1406(a). Whether Plaintiff should be granted relief with respect to any pending motions (ECF 4 & 22) is a decision to be determined by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 27, 2023
           New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge