UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANNY AMEN ANDERSON VALENTINE SHABAZZ,

                      Plaintiff,

              -against-

CHRIS BRUCE; CERRON CADE; NICK SABEAN; JEFF FLYNN; JOHN CARNEY,

                      Defendants.

1:23-CV-7849 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered September 27, 2023, the Court transferred this *pro se* action to the United States District Court for the District of Delaware. (ECF 29.) That court acknowledged receipt of this action on October 4, 2023.[1] On December 29, 2023, 93 days after the Clerk of Court entered the transfer order, Plaintiff filed a letter in this court asserting that "transferring this case is not lawful by any means." (ECF 30.) By order dated January 12, 2024, the Court construed that submission as a motion for relief from a final order or judgment under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), and denied that motion for the reasons set forth in that order. (ECF 31.)

Because Plaintiff filed his motion well after this action was transferred to, and received by, the District of Delaware, however, this Court lacked jurisdiction to consider Plaintiff's Rule 60(b) motion. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that the district court did not have jurisdiction to rule on a motion following physical transfer of the action); *see*

---

[1] Under Local Civil Rule 83.1 of this court, the Clerk of Court, "unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of [an action] to the transferee court."

*Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995) (transferor court only retains jurisdiction over the action if the party seeking review of the transfer makes a request for review "prior to receipt of the action's papers by the clerk of the transferee court" (citing *Drabik*, 246 F.2d at 408-10); *see also Williams v. United States*, Nos. 09-CV-2179, 00-CR-1008, 2015 WL 4743534, at *7 (S.D.N.Y. Aug. 11, 2015) ("[A] party opposing the transfer of a case must preserve his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect." (citing, *inter alia*, *Warrick*, 70 F.3d at 739)), *appeal dismissed*, Nos. 13-1095(L), 15-2791(Con), 2016 WL 11786286 (2d Cir. Mar. 16, 2016); *cf. Warrick*, 70 F.3d at 739-40 (because a hastily-made transfer to a court outside of this circuit deprives a litigant of the opportunity to seek relief from the United States Court of Appeals for the Second Circuit, the Court of Appeals may order the transferor court to request that the transferee court return the action).

Because Plaintiff filed his 60(b) motion well after this action was transferred to, and received by, the District of Delaware, this Court lacked jurisdiction to consider that motion. Accordingly, the Court vacates its January 12, 2024 order inasmuch as it denies Plaintiff's Rule 60(b) motion for the reasons set forth in that order, and the Court now denies Plaintiff's Rule 60(b) motion for lack of jurisdiction.

## CONCLUSION

The Court vacates its January 12, 2024 order (ECF 31) inasmuch as it denies Plaintiff's Rule 60(b) motion (ECF 30) for the reasons set forth in that order, and the Court now denies Plaintiff's Rule 60(b) motion for lack of jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 18, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge